# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| ANDRE DERRELL BOWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-175 |
| | ) | |
| CORRECT HEALTH MEDICAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Andre Derrell Bowens brings this 42 U.S.C. § 1983 action against Correct Health Medical. Doc. 1. The Court now screens his Complaint under 28 U.S.C. § 1915A.[1]

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id*. Therefore, the Court examines plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

I.   **BACKGROUND**[2]

Plaintiff, incarcerated in Chatham County Sheriff's Complex, alleges that he suffered a fractured L-4 vertebra. Doc. 1 at 3. He alleges that he complained of pain when his medication was stopped, but that he eventually received both new medication and four visits to a doctor including one lab test due to allegations of medication side effects. *Id.* at 5. He requests $250,000 for pain, stress, and anxiety. *Id.* at 6. He alleges that he seeks this compensation because his medical issue was not handled "with promptness," and "may have" caused a health issue with his liver. *Id.* at 6.

II.   **ANALYSIS**

Plaintiff advances a claim for denial of medical care in violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (the Constitution imposes a duty upon prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care.").

---

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

"[N]ot every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotes and cite omitted). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner must show that: (1) he had a serious medical need; (2) defendants were deliberately indifferent to that need; and (3) some injury was caused by defendants' indifference. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

Bowens has not met this requirement. Assuming *arguendo* that his back fracture was a serious medical need, he does not allege that defendants were deliberately indifferent to that need or that he suffered any injury from the lack of treatment—as opposed to the injury represented by the fracture itself. He notes repeatedly that he was seen by multiple doctors after requesting medical treatment. He contests the adequacy of some of the treatment provided—or which the defendant did not provide—but he acknowledges that his medications were changed in response to his complaints. Doc. 1 at 5. He alleges that he should have received X-rays but his opinion as to the medical treatment he should have

3

received is not sufficient to support a claim under the Eighth Amendment. While a "doctor's decision to take an easier and less efficacious course of treatment" may constitute deliberate indifference, *Wallace v. Sheriff*, 518 F. App'x 621, 622 (11th Cir. 2013), differences of opinion between an inmate and medical staff in how to treat an injury do not, *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) *See Gonzalez v. Sarreck,* 2011 WL 5051341, at * 18 (S.D.N.Y. Oct. 24, 2011) ("It is well settled that 'disagreements over medications, diagnostic techniques, forms of treatment, or the need for specialists or the timing of their intervention' are insufficient under § 1983"). Put differently, Bowens' opinion that defendant should have done more does not recast their treatment as deliberately indifferent to his serious medical needs.

More problematic however, is that plaintiff never alleges that he suffered harm as a result either of the treatment he received or did not receive.[3] He suggests in his complaint that the treatment "may have" caused some unidentified injury to his liver, but this uncorroborated, undefined, potential injury is insufficient to sustain plaintiff's claim.

---

[3] To be fair, he does assert that his urine changed color as a result of one of the new medications, but he fails to allege how this is harmful. Doc. 1 at 5.

Because plaintiff neither claims that defendant was deliberately indifferent to his serious medical needs, or that he suffered an injury as a result, his claim should be **DISMISSED**.

## III. CONCLUSION

Accordingly, plaintiff's Complaint should be **DISMISSED**.[4] Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $31.25 in average monthly deposits. Doc. 6. He therefore owes a $6.25 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $6.25 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Order and Report and Recommendation (R&R) to plaintiff's account custodian immediately. In

---

[4] To the extent plaintiff believes he can resuscitate these claims, he remains free to submit an Amended Complaint if he believes that it would cure the legal and factual defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012).

the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this R&R.

This Order and R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

6

rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 21st day of November, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA